IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Amy Hover; Brad Jordan; and**
**Gary Jordan,**
       **Plaintiffs,**

v.                                                       Case No. 14-2410-JWL

**Carrie Purney-Crider et al.,**
       **Defendants.**

## **MEMORANDUM & ORDER**

Plaintiffs Amy Hover, Brad Jordan and Gary Jordan filed suit under 42 U.S.C. § 1983 alleging that defendants violated their Fourth, Fifth and Fourteenth Amendment rights in connection with defendants' seizure and subsequent sale of plaintiffs' property to satisfy tax indebtedness of delinquent taxpayers. The Kansas Department of Revenue (KDOR) defendants, through two motions to dismiss, have challenged the merits of plaintiffs' claims as well as the insufficiency of service of process. Recently, the court provided plaintiffs with a permissive extension of time to effect service, up to and including June 16, 2015. At that same time, the court ruled on the merits of defendants' Rule 12(b)(6) arguments and, as a result, the only remaining KDOR defendant is Ms. Purney-Crider. The court has dismissed certain claims against her and has determined that other claims survive her Rule 12(b)(6) challenge.

This matter is now before the court on Ms. Purney-Crider's motion for an extension of time, pursuant to Fed. R. App. P. 4(a)(5), to file her notice of appeal of the court's denial in part of her qualified immunity claim. In her motion, Ms. Purney-Crider asserts that she should not be required to appeal the denial of her qualified immunity claim until she has been served with

process. After reviewing Ms. Purney-Crider's motion, the court recognized that it should not have ruled on the Rule 12(b)(6) aspects of Ms. Purney-Crider's motions to dismiss without first putting to rest the service of process issue. *See, e.g., Jackson v. Warden, FCC Coleman-USP*, 259 Fed. Appx. 181 (11th Cir. 2007) (improper for court to reach merits where plaintiff failed to serve defendants properly); *Labombard v. Winterbottom*, 2014 WL 6674629, at *2 (N.D.N.Y. 20140 (when a defendant moves to dismiss a complaint under Rule 12(b)(5) and Rule 12(b)(6), the court must address the arguments concerning proper service of process before the arguments as to the alleged failure to state a claim); *Schwasnick v. Fields*, 2010 WL 2679935, at *2 (E.D.N.Y. 2010) (same); *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 516 (E.D. Pa. 2010) (unless defendant is properly served, there is no jurisdiction over the defendant; court must address Rule 12(b)(5) arguments before Rule 12(b)(6) arguments).

In such circumstances, the court believes that there are two possible courses of action. First, the court can vacate its prior memoranda and orders to the extent those orders ruled on the merits of this case (docs. 26; 55) and to deny without prejudice to refiling Ms. Purney-Crider's motions to dismiss (docs. 5; 33) to the extent those motions asserted Rule 12(b)(6) arguments.[1]

---

[1] Because the court dismissed plaintiffs' claims against KDOR defendants Nick Jordan and Steve Stotts in their entirety, it was permissible for the court to resolve those defendants' Rule 12(b)(6) arguments regardless of the Rule 12(b)(5) issue and if the court vacates its prior memoranda and orders as to Ms. Purney-Crider, it would not vacate those orders as to Nick Jordan and Steve Stotts. While the Tenth Circuit has not directly addressed this issue, it has recognized in an unpublished decision that a district court may dismiss a case based on Rule 12(b)(6) even where service has not occurred. *See Ngiendo v. Social Security Administration*, 547 Fed. Appx. 913, 914 (10th Cir. 2013). In *Ngiendo*, the district court dismissed a case on both Rule 12(b)(5) and Rule 12(b)(6) grounds and the Circuit, in affirming that decision, did not suggest that the district court should not have reached the Rule 12(b)(6) issue in light of the lack of service.

Under this scenario, the court would deny as moot Ms. Purney-Crider's motion for an extension of time to file a notice of appeal (because there would be no qualified immunity issues to appeal) and Ms. Purney-Crider, once served, could refile any motions to dismiss under Rule 12(b)(6).  As an alternative, Ms. Purney-Crider could elect to waive the insufficient service defense and the court would leave its prior decisions intact and would grant the motion for an extension of time to the extent permitted under Rule 4(a)(5).  *See Arredondo v. County of Nassau*, 2012 F. Supp. 2d 910077, at *1 n.4 (E.D.N.Y. 2012) (defendants advised court by letter that they were waiving any Rule 12(b)(5) issues to permit the court to consider the Rule 12(b)(6) issues); *Perry v. City of Milwaukee Housing Authority*, 2007 WL 1168733, at *4 (E.D. Wis. 2007) (ordering defendants to file letter indicating whether they preferred to waive insufficient service such that court would proceed to address merits-based arguments or whether defendants preferred not to waive objection such that court would extend time for service and deny without prejudice motions raising merits-based arguments).

In light of the foregoing discussion, the court orders Ms. Purney-Crider to notify the court, by filing a Notice through the court's ECF system on or before **Monday, June 8, 2015**,

---

This approach is consistent with what other courts have held more directly.  *See United States v. Vazquez*, 145 F.3d 74, 80 & n.3 (2d Cir. 1998) (because the failure timely to serve a summons and complaint is excusable, this is not an exercise of hypothetical jurisdiction of the sort disapproved of by the Supreme Court in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)); *Reaves v. Seterus, Inc.*, 2015 WL 2401666, at *4 (E.D.N.C. 2015) (because the court fully resolved the case under Rule 12(b)(6), court declined to address Rule 12(b)(5) arguments); *Rose v. Rahfco Management Group, LLC*, 2014 WL 7389900, at *3 n.4 (S.D.N.Y. 2014) (declining to consider Rule 12(b)(5) arguments where all claims failed under Rule 12(b)(6)); *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 503 n.4 (S.D.N.Y. 2003) (court could summarily deny Rule 12(b)(5) motion and assume proper service if case may be resolved on Rule 12(b)(6) grounds).

whether she desires to have the court vacate its prior rulings on the merits or whether she elects to waive the insufficient service defense.

I**T IS THEREFORE ORDERED BY THE COURT THAT** Ms. Purney-Crider shall notify the court on or before **Monday, June 8, 2015** as to whether she desires to have the court vacate its prior rulings on the merits or whether she elects to waive the insufficient service defense. In the meantime, Ms. Purney-Crider's motion for extension of time to file a notice of appeal (doc. 60) **remains under advisement**.

**IT IS SO ORDERED.**

Dated this 29th day of May, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge